UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CHARLES,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.

Case No. 1:26-cv-2634

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to appear *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on September 24, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondent filed his response on September 29, 2026. (Resp., ECF No. 6.)

## II. Factual Background

Petitioner is a citizen of Haiti who entered the United States in 2010. Op., *Joseph v. Raycraft*, No. 1:26-cv-2160 (W.D. Mich Aug. 7, 2026) (ECF No. 7.) On February 12, 2026, Customs and Border Protection (CBP) agents encountered and arrested Petitioner. *Id.*

On March 25, 2026, Petitioner received a bond hearing pursuant to § 1226(a). *Id.* At the conclusion of the March 25, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Danger and alternatively a flight risk." *Id.*

Petitioner previously filed a § 2241 petition in *Joseph*. In *Joseph*, the Court dismissed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, without prejudice, because there was no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Op. & Jud., *Joseph*, (W.D. Mich Aug. 7, 2026) (ECF Nos. 7, 8).

## III. Analysis

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on March 25, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, stating: "Danger and alternatively a flight risk." Op., *Joseph*, (W.D. Mich Aug. 7, 2026) (ECF No. 7). In his § 2241 petition, Petitioner does not challenge the results of the bond hearing. Instead, Petitioner claims that his detention "has become unconstitutionally prolonged." (Pet., ECF No. 1, PageID.6.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies.

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the

[immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment.[1] Further, although Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a

[1] To the extent that Petitioner claims that the that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, as set forth in *Joseph*, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.

material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 6, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge